# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                         Case No.: 8:17-cr-203-WFJ-CPT

CARLOS ADRIAN PLAZA
ESTACIO
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Carlos Adrian Plaza Estacio, USM#: 68757-018, moves (Dkt. 114) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On May 10, 2018, Carlos Adrian Plaza Estacio was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) to 108 months. Carlos Adrian Plaza Estacio's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Estacio's advisory sentencing range was 135-168 months, and he received a two-level downward departure sentence at the bottom of level 31 (108-135). The USPO memorandum reports that his projected release is December 10, 2025.[1]

---

[1] The BOP website shows his release date as February 6, 2026. *See* https://www.bop.gov/inmateloc/ (last checked 10/29/24).

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Carlos Adrian Plaza Estacio is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 108-135.  The Federal Defender appears, confirms Carlos Adrian Plaza Estacio's eligibility for a reduction, and moves unopposed to reduce his sentence to 87 months (a 21-month reduction in sentence).  Counsel argues that a comparable two-level departure should be applied.

The Court exercises its discretion to deny such a reduction.  The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and finds that the factors militate against a reduction.  Movant already got a downward departure and "bottom end" sentence.  Here the large cocaine smuggling operation, captained by Movant, benefitted from jettisoning cocaine into the ocean as part of obstructive conduct.  Movant's guidelines were lower because the cargo in part was not recovered.

The Court finds that the sentencing factors in 18 U.S.C. § 3553(a) require this motion to be denied.  The current sentence is in line with those factors, specifically and properly reflecting the "nature and circumstances of the offense" after input and consideration of the present motion, and also after the detailed input and the parties', USPO's, and judicial careful labor at the time of sentencing.  *See id.* at (a)(1) (consideration of nature and circumstances of the offense).  To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law."  *See id.* at (2)(A).  The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (2)(B)) and deterrence would be impaired by this proposed reduction.

Mr. Carlos Adrian Plaza Estacio's motion (Dkt. 114) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on October 29, 2024.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**